UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (CINCINNATI)

TIMOTHY SCHROEDER, individually and on behalf of others similarly situated,

Plaintiff,

vs.

NEW SABINA INDUSTRIES, INC.,

Defendant.

CLASS AND COLLECTIVE ACTION COMPLAINT

Jury Trial Demanded

Civil Case No.:

## CLASS AND COLLECTIVE ACTION COMPLAINT

Plaintiff TIMOTHY SCHROEDER ("Plaintiff"), individually and on behalf of all others similarly situated, by and through his attorneys, BROWN, LLC and BARKAN MEIZLISH DEROSE COX, LLP, upon personal knowledge as to himself and upon information and belief as to other matters, alleges as follows:

## INTRODUCTION

1. This is a collective action on behalf of Plaintiff and all others similarly situated who worked for Defendant New Sabina Industries, Inc. ("New Sabina") as hourly-paid, non-exempt manufacturing and production employees and who were unlawfully denied wages for all hours worked and overtime compensation in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. and Ohio law.

2. Plaintiff brings this action individually and on behalf of all other similarly situated hourly paid, non-exempt employees who elect to opt in to this action pursuant to the FLSA, 29 U.S.C. § 216(b), to recover unpaid overtime compensation unlawfully withheld by Defendant, liquidated damages as provided by 29 U.S.C. § 216(b), and reasonable attorneys' fees and costs.

3. Plaintiff also brings this action individually and on behalf of all other similarly situated class members to recover unpaid straight time and overtime wages, liquidated damages, pre- and post-judgment interest, and reasonable attorneys' fees and costs as a result of Defendant's willful violations of the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), Ohio Rev. Code § 4111.01 *et seq*., the Ohio Prompt Pay Act ("OPPA"), Ohio Rev. Code § 4113.15, and Ohio Rev. Code § 2307.60.

4. Defendant violates the FLSA and Ohio law through its unlawful timekeeping and payroll practices for non-exempt hourly employees, including:

a. Failing to record and pay employees for all hours worked by crediting time based on scheduled shifts rather than actual clock-in and clock-out times, resulting in unpaid pre-shift and post-shift work and the suppression of overtime hours through rounding and time-shaving practices; and

b. Failing to calculate overtime premiums using the correct regular rate of pay, including by failing to include non-discretionary bonuses and other incentive compensation in the regular rate when computing overtime.

5. Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) of the FLSA, individually and on behalf of a putative "FLSA Collective," defined as:

*All hourly-paid, non-exempt manufacturing and production employees employed by Defendant in the United States or any other place covered by the FLSA at any time within the three (3) years preceding the filing of this action through the date of final judgment.*

6. Plaintiff also brings his claims under the OMFWSA, the OPPA, and Ohio Rev. Code § 2307.60 individually and on behalf of a class pursuant to Fed. R. Civ. P. 23 and/or Ohio Rev. Code § 4111.10(C) on behalf of the "Ohio Class," defined as:

*All hourly-paid, non-exempt manufacturing and production employees employed by Defendant to work in Ohio at any time within the three (3) years preceding the filing of this action through the date of final judgment.*

## JURISDICTION AND VENUE

7. This Court has subject-matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 because Plaintiff's claims arise under the FLSA, 29 U.S.C. § 201 *et seq*.

8. This Court has supplemental jurisdiction over Plaintiff's Ohio state law claims pursuant to 28 U.S.C. § 1367 because those claims derive from the same common nucleus of operative facts as Plaintiff's federal claims.

9. This Court has personal jurisdiction over Defendant because Defendant is domiciled in Ohio and conducts substantial business operations within this District.

10. Venue is proper in the Southern District of Ohio pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2) because Defendant resides in this District and a substantial part of the events or omissions giving rise to the claims occurred in this District.

## PARTIES

### Defendant

11. Defendant New Sabina Industries, Inc. is a corporation organized and existing under the laws of the State of Ohio, with its principal place of business and substantial operations located at 12555 US-22 & OH-3, Sabina, Ohio 45169.

12. Defendant operates a manufacturing facility where it produces industrial and automotive components. During the relevant time period, Defendant employs Plaintiff, members of the FLSA Collective, and members of the Rule 23 Ohio Class as hourly-paid, non-exempt manufacturing, production, and production-support employees.

### Plaintiff

13. Plaintiff is a resident of Highland County, Ohio.

14. Plaintiff has been employed by Defendant as an hourly-paid, non-exempt employee at Defendant's Sabina, Ohio facility since around February 2023, including in the role of Team Lead, in Material Services.

## **FACTUAL ALLEGATIONS[1]**

***New Sabina's Operations and Workforce***

15. Defendant operates a manufacturing facility in Sabina, Ohio, and its internal communications identify the facility as "Nippon Seiki Ohio."

16. Defendant's manufacturing facility produces metal and industrial components for automotive customers and employs hourly, non-exempt production and materials employees at its facility in Ohio.

17. Defendant employs hourly, non-exempt manufacturing and production support workers in roles that include production line and assembly line workers, line delivery roles, maintenance, and other materials functions.

18. Defendant's timekeeping and payroll practices are tied to scheduled shifts and result in hourly, non-exempt employees being paid for fewer hours than they work and record, including compensable work performed before and after scheduled shifts.

19. Defendant maintains policies and handbook materials that employees are limited from accessing.

[1] Unless otherwise specified herein, the allegations in this Complaint refer to the time period of three (3) years preceding the commencement of this action through the present.

***Timekeeping and Payroll System***

20. Defendant uses an electronic timekeeping and payroll system for hourly, non-exempt employees at its Sabina, Ohio facility. Hourly employees record their work time using this system, and Defendant uses the system's time data to determine hours paid through payroll.

21. Defendant's timekeeping system is badge-based. Defendant's payroll materials state that hourly employees use a badge to clock in and out.

22. Hourly, non-exempt employees are required to use Defendant's time clock system to record work time, and Defendant uses employees' recorded punches and related scheduling rules to determine the hours the employee is credited and paid.

23. Defendant maintains timekeeping and payroll practices that limit or reduce payment for compensable work time occurring before and after scheduled shifts, including time employees record through Defendant's timekeeping system.

24. Defendant controls whether and how recorded work time is credited and paid, including through its timekeeping and payroll practices governing payment for work performed before and after scheduled shifts.

25. Defendant maintains policies that restrict early clock-ins and late clock-outs relative to scheduled shift times.

26. Defendant maintains control over timekeeping corrections and adjustments, including the authority to determine whether recorded time is credited and paid.

27. Defendant issues pay statements reflecting paid hours derived from its timekeeping system, and paystubs include recorded clock-in and clock-out information tied to the timekeeping entries used for payroll.

***Non-Neutral Rounding, Time Shaving Practices, and Overtime Rate Violations***

28. Defendant's timekeeping and payroll practices are not neutral in effect and systematically result in hourly, non-exempt employees being paid for fewer hours than they work and record.

29. Defendant calculates overtime based on a defined workweek and, in workweeks where employees work more than forty (40) hours, Defendant's pay practices result in employees not receiving all overtime compensation owed.

30. Hourly employees perform compensable work before and after scheduled shifts, and Defendant fails to pay for all such time, including time employees record in Defendant's timekeeping system.

31. Defendant's timekeeping records reflect employees' clock-in and clock-out activity, but Defendant's payroll practices result in employees being paid for fewer hours than their recorded work time.

32. As a result of Defendant's pay practices, hourly, non-exempt employees are not paid for all time they are on the clock and performing compensable work.

33. In some workweeks, Defendant's practices deprive employees of straight-time wages for compensable work performed.

34. In other workweeks, including workweeks in which employees work more than forty (40) hours, Defendant's practices result in employees not being paid overtime compensation at the required premium rate for all overtime hours worked.

35. Defendant pays hourly, non-exempt employees non-discretionary bonuses and other incentive compensation, including attendance-based bonuses.

36. Employees earn such bonuses based on objective criteria established by Defendant.

37. When employees earn non-discretionary bonuses in workweeks in which overtime is worked, Defendant fails to include those bonuses in the regular rate used to calculate overtime compensation, resulting in underpaid overtime premiums.

38. Defendant applies this regular-rate exclusion on a common basis through its payroll practices.

39. Defendant knew or should have known its timekeeping and payroll practices resulted in underpayment because Defendant controlled the timekeeping system and payroll practices used to calculate and pay wages.

40. Through these policies and practices, Defendant has failed to pay Plaintiff and the members of the FLSA Collective, and the Rule 23 Ohio Class, all wages due for straight-time and overtime hours worked.

## COLLECTIVE ACTION ALLEGATIONS

41. Plaintiff re-alleges and incorporates all previous paragraphs herein.

42. Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) of the FLSA on his own behalf and on behalf of the FLSA Collective defined above.

43. At all relevant times, Defendant was and continues to be an "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

44. At all relevant times, Defendant operated an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA.

45. At all relevant times, Defendant operated an enterprise that had two or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce.

46. At all relevant times, Defendant operated an enterprise with an annual gross volume of sales made or business done in excess of $500,000.

47. At all relevant times, Plaintiff and other members of the FLSA Collective were engaged in commerce and/or in the production of goods for commerce and were subject to individual coverage under the FLSA.

48. Plaintiff and other members of the FLSA Collective regularly worked more than forty (40) hours in a workweek as suffered or permitted by Defendant.

49. Defendant subjected Plaintiff and other members of the FLSA Collective to uniform and unlawful timekeeping and payroll practices that resulted in employees not being paid for all hours worked and not receiving overtime compensation required by the FLSA.

50. These unlawful practices arise from common, centralized timekeeping and payroll practices applied to hourly, non-exempt employees, not discretionary decisions unique to individual employees.

51. Defendant failed to pay Plaintiff and other members of the FLSA Collective overtime compensation at a rate not less than one and one-half (1.5) times their regular rate of pay for all hours worked in excess of forty (40) in a workweek, as required by the FLSA.

52. As a result of Defendant's unlawful practices, in many workweeks, Plaintiff and other members of the FLSA Collective worked more than forty (40) hours. Still, they were not paid overtime compensation at the required premium rate.

53. Defendant's conduct and practices were willful and not undertaken in good faith. Defendant knew, or recklessly disregarded, that its timekeeping and payroll practices resulted in employees not being paid proper overtime compensation under the FLSA.

54. Plaintiff and other members of the FLSA Collective were subjected to the same common unlawful policies and practices that violated the FLSA.

55. With respect to the claims set forth herein, a collective action under the FLSA is appropriate because Plaintiff and the members of the FLSA Collective are similarly situated within the meaning of 29 U.S.C. § 216(b). Plaintiff and the FLSA Collective members are similarly situated because they were all hourly paid, non-exempt employees who were subject to the same or similar timekeeping and payroll practices, and their claims arise from the same factual and legal theories.

56. Defendant maintained policies and practices that resulted in hourly-paid, non-exempt employees not being paid for compensable work performed before and after scheduled shifts, including time recorded in Defendant's timekeeping system.

57. Defendant's common timekeeping and payroll practices resulted in hourly-paid, non-exempt employees being paid for fewer hours than they worked and recorded, including compensable work time before and after scheduled shifts, and the resulting suppression of straight-time and overtime wages.

58. The application of Defendant's unlawful policies and practices did not depend on the individualized circumstances of Plaintiff or other members of the FLSA Collective. Rather, the same practices are applied uniformly to all members of the FLSA Collective.

59. Plaintiff estimates that the FLSA Collective consists of numerous similarly situated hourly paid employees. The precise number of FLSA Collective members is readily ascertainable from Defendant's payroll and personnel records.

## **<u>OHIO CLASS ACTION ALLEGATIONS</u>**

60. Plaintiff re-alleges and incorporates all previous paragraphs herein.

61. Plaintiff seeks to pursue his OMFWSA, the OPPA, and Ohio Rev. Code § 2307.60 individually and pursuant to Federal Rule of Civil Procedure 23 as an opt-out class action on behalf of the Ohio Class.

62. Alternatively, Plaintiff seeks to pursue his OMFWSA claim individually and on behalf of the Ohio Class on an opt-in basis pursuant to Ohio Rev. Code § 4111.10(C) ("No employee shall join as a party plaintiff in any civil action that is brought under this section by an employee, person acting on behalf of an employee, or person acting on behalf of all similarly situated employees unless that employee first gives written consent to become such a party plaintiff and that consent is filed with the court in which the action is brought.").

63. Plaintiff brings this class action to recover unpaid straight-time and overtime wages, statutory damages, pre- and post-judgment interest, and reasonable attorneys' fees and costs pursuant to the OMFWSA, the OPPA, and Ohio Rev. Code § 2307.60.

64. Damages to Ohio Class members can be calculated using Defendant's own timekeeping, payroll, and bonus records through common proof.

65. The members of the Ohio Class are so numerous that joinder of all Class members is impracticable. Plaintiff reasonably estimates that there is a substantial number of Class members. The members of the Ohio Class are readily identifiable from Defendant's payroll, timekeeping, and personnel records.

66. There is a well-defined community of interest among the Ohio Class members, and common questions of law and fact predominate over any questions affecting individual Class members. These common questions include, but are not limited to, whether Defendant maintained common and unlawful timekeeping and payroll practices that failed to pay employees for all hours

worked, whether Defendant failed to pay overtime compensation owed, and whether Defendant's practices violated the OMFWSA, the OPPA and Ohio Rev. Code § 2307.60.

67. Plaintiff's claims are typical of the claims of the Ohio Class members in that Plaintiff and all other Class members suffered damages as a direct and proximate result of Defendant's common and systemic payroll policies and practices. All Class members were subject to the same corporate-wide practices of Defendant, including the failure to pay straight-time and overtime wages. Separate litigation by individual employees would present a risk of inconsistent or varying adjudications.

68. All Class members were treated the same or similarly by Defendant with respect to pay practices, including but not limited to the failure to pay straight-time and overtime wages. Accordingly, common questions of law and fact apply to each and every member of the Ohio Class.

69. Plaintiff will fairly and adequately protect the interests of the Ohio Class. Plaintiff has retained counsel experienced in the prosecution of wage-and-hour class and collective actions. Neither Plaintiff nor his counsel has interests that are antagonistic to or in conflict with the interests of the Ohio Class members.

70. Defendant's corporate-wide policies and practices affected all Ohio Class members similarly, and Defendant benefited from the same type of unlawful conduct with respect to each Class member. Plaintiff's claims arise from the same legal theories as those of the Ohio Class, making this action manageable and efficient as a Rule 23 class action.

71. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because the damages suffered by individual Class members are relatively small, making individual litigation economically impracticable. Proceeding as a class action will also avoid duplicative litigation and inconsistent results.

72. This action is manageable as a Rule 23 class action, and Plaintiff and his counsel are aware of no unusual difficulties that would preclude class treatment of the claims.

73. Because the requirements of Rule 23(b)(3) are satisfied, certification of the Rule 23 Class is appropriate.

**COUNT I**
**(Individual and 29 U.S.C. § 216(b) Collective Action Claims)**
**Violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.***
**Failure to Pay Overtime Wages**

74. Plaintiff re-alleges and incorporates all previous paragraphs herein.

75. 29 U.S.C. § 207(a)(1) provides:

> [N]o employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

76. Defendant suffered and permitted Plaintiff and the members of the FLSA Collective to work over forty (40) hours in one or more workweeks.

77. As a result of the policies and practices alleged herein, Defendant failed to pay Plaintiff and the members of the FLSA Collective for all hours worked in excess of forty (40) hours in a workweek.

78. As a result of the policies and practices alleged herein, Defendant failed to pay Plaintiff and the members of the FLSA Collective overtime compensation at a rate of not less than one and one-half (1.5) times their regular rates of pay.

79. Defendant's conduct and practices, as described herein, were willful, intentional, unreasonable, arbitrary, and in bad faith.

80. Because Defendant willfully violated the FLSA, the three (3) year statute of limitations applies to Plaintiff's claims pursuant to 29 U.S.C. § 255(a).

81. As a result of Defendant's uniform and common timekeeping and payroll practices described above, Plaintiff and the members of the FLSA Collective were unlawfully deprived of overtime wages earned, in amounts to be determined at trial, and are entitled to recover overtime wages for all unpaid hours worked in excess of forty (40) in a workweek, straight-time wages for all unpaid hours worked up to forty (40) hours in workweeks in which overtime was worked, liquidated damages, reasonable attorneys' fees, costs, and other relief pursuant to 29 U.S.C. § 216(b).

**COUNT II**
**(Brought Individual and on a Class Basis Pursuant to Fed. R. Civ. P. 23 (or Alternatively, Ohio Rev. Code § 4111.10(C))**
**Violation of the Ohio Minimum Fair Wage Standards Act ("OMFWSA")**
**Failure to Pay Overtime Wages**

82. Plaintiff re-alleges and incorporates all previous paragraphs herein.

83. The OMFWSA requires employers to pay non-exempt employees overtime compensation at a rate of not less than one and one-half (1.5) times their regular rate of pay for all hours worked in excess of forty (40) hours in a workweek. See Ohio Rev. Code § 4111.03(A).

84. Defendant was an "employer" of Plaintiff and the members of the Ohio Class within the meaning of the OMFWSA.

85. Plaintiff and the members of the Ohio Class were "employees" of Defendant within the meaning of the OMFWSA.

86. Defendant employed Plaintiff and the members of the Ohio Class within the State of Ohio during the applicable limitations period.

87. Defendant suffered and permitted Plaintiff and the members of the Ohio Class to work more than forty (40) hours in one or more workweeks.

88. Defendant failed to pay Plaintiff and the members of the Ohio Class for all hours worked in excess of forty (40) hours in a workweek, including compensable time worked before and after scheduled shifts that was not fully paid.

89. Defendant failed to properly calculate overtime compensation by excluding non-discretionary bonuses and other includable remuneration from the regular rate of pay used to calculate overtime wages.

90. In many workweeks, Plaintiff and the members of the Ohio Class worked in excess of forty (40) hours but were not compensated at one and one-half (1.5) times their regular rates of pay for all overtime hours worked.

91. Defendant knowingly and/or recklessly disregarded its obligations under Ohio law to ensure that all overtime hours worked by Plaintiff and the members of the Ohio Class were accurately recorded and properly compensated at the required premium rate.

92. As a result of Defendant's uniform and common policies and practices described above, Plaintiff and the members of the Ohio Class were unlawfully deprived of overtime compensation earned, in amounts to be determined at trial, and are entitled to recover unpaid overtime wages, straight-time wages for unpaid hours worked up to forty (40) hours in workweeks in which overtime was worked, liquidated damages, pre- and post-judgment interest, reasonable attorneys' fees, costs, and all other relief available under Ohio Rev. Code §§ 4111.03 and 4111.10.

## COUNT III
## (Individual and Fed. R. Civ. P. 23 Class Action Claims)
## Violation of the Ohio Prompt Pay Act ("OPPA")
## Failure to Pay All Wages Due

93. Plaintiff re-alleges and incorporates all previous paragraphs herein.

94. The Ohio Prompt Pay Act requires employers to timely pay employees all wages earned for work performed. See Ohio Rev. Code § 4113.15.

95. Defendant was an "employer" of Plaintiff and the members of the Ohio Class within the meaning of the OPPA.

96. Plaintiff and the members of the Ohio Class were "employees" of Defendant within the meaning of the OPPA.

97. The unpaid straight-time wages at issue constitute earned wages under the Ohio Prompt Pay Act, regardless of whether overtime compensation was also owed in the same workweek.

98. Defendant employed Plaintiff and the members of the Ohio Class in the State of Ohio during the applicable limitations period.

99. Defendant failed to pay Plaintiff and the members of the Ohio Class all wages earned by paying employees for fewer hours than they actually worked.

100. Defendant paid Plaintiff and the members of the Ohio Class for fewer hours than they worked and recorded, including compensable time worked before and after scheduled shifts.

101. As a result of Defendant's payroll practices, Plaintiff and the members of the Ohio Class were not paid straight-time wages owed for compensable work performed, even in workweeks in which overtime compensation was also due.

102. Defendant's failure to pay all wages due was knowing, willful, and not the result of a bona fide error, and Defendant failed to promptly correct or reimburse employees for the unpaid wages.

103. As a result of Defendant's violations of the OPPA, Plaintiff and the members of the Ohio Class were unlawfully deprived of earned wages, in amounts to be determined at trial, and

are entitled to recover unpaid wages, liquidated damages, statutory damages, interest, reasonable attorneys' fees, costs, and all other relief available pursuant to Ohio Rev. Code § 4113.15 to the extent the wages are not in contest or dispute within the meaning of the statute.

## COUNT IV
**(Individual and Rule 23 Class Claims)**
**Civil Action for Damages Resulting from Criminal Acts**
**Ohio Rev. Code § 2307.60**

104. Plaintiff re-alleges and incorporates all previous paragraphs herein.

105. Ohio Rev. Code § 2307.60 authorizes a civil action for damages by any person injured in person or property as a result of a criminal act.

106. Defendant was an "employer" of Plaintiff and the members of the Ohio Class during the relevant time period.

107. Plaintiff and the members of the Ohio Class had a property interest in wages earned for compensable work performed, including straight-time and overtime wages reflected by recorded clock-in and clock-out punches.

108. Defendant employed Plaintiff and the members of the Ohio Class in the State of Ohio during the applicable limitations period.

109. Defendant knowingly and purposefully deprived Plaintiff and the members of the Ohio Class of their property, namely earned wages, by intentionally reducing the hours for which employees were paid below the hours they actually worked, as reflected by Defendant's own timekeeping records.

110. Defendant continued to apply these practices despite knowledge that recorded punch time was not being fully credited or paid.

111. Defendant acted with purpose to deprive employees of earned wages because it designed, implemented, and enforced these timekeeping and payroll practices with knowledge

that recorded work time was being reduced before payment, and nevertheless continued to apply those practices as a matter of policy.

112. The wages deprived constitute "property" within the meaning of Ohio Rev. Code § 2913.01(D), as they were earned compensation owed to employees for hours worked and recorded in Defendant's own systems but not paid.

113. As a direct and proximate result of Defendant's theft offense in violation of Ohio Rev. Code § 2913.02, Plaintiff and the members of the Ohio Class are entitled to recover damages and civil remedies pursuant to Ohio Rev. Code § 2307.60.

114. Defendant's conduct constituted theft in violation of Ohio Rev. Code § 2913.02 and directly and proximately caused injury to Plaintiff's and the Ohio Class members' property interests by depriving them of wages earned for compensable work performed.

115. As a result of Defendant's violations of Ohio Rev. Code § 2307.60, Plaintiff and the members of the Ohio Class are entitled to recover all damages permitted by law, including compensatory damages, costs, and all other relief available under Ohio Rev. Code § 2307.60.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the FLSA Collective and the Ohio Class, respectfully requests that the Court enter judgment in his favor and against Defendant, and grant the following relief:

A. A determination that Plaintiff and the FLSA Collective members are "similarly situated" pursuant to 29 U.S.C. § 216(b), and authorization of notice to similarly situated employees;

B. Certification of the Ohio Class pursuant to Fed. R. Civ. P. 23 and/or Ohio Rev. Code § 4111.10(C), appointment of Plaintiff as Class Representative, and appointment of Plaintiff's counsel as Class Counsel;

C. A declaratory judgment that Defendant's policies and practices violated the FLSA, 29 U.S.C. § 201 *et seq.*, the OMFWSA, the OPPA, and Ohio Rev. Code § 2307.60;

D. Appropriate prospective injunctive relief requiring Defendant to accurately record and pay for all hours worked and to properly calculate overtime compensation going forward;

E. An award of unpaid straight-time wages and overtime compensation to Plaintiff and members of the FLSA Collective and Ohio Class, in amounts to be determined at trial;

F. An award of liquidated damages to Plaintiff and members of the FLSA Collective pursuant to 29 U.S.C. § 216(b);

G. An award of statutory damages, interest, and all other relief available under the OMFWSA, the OPPA, and Ohio Rev. Code § 2307.60;

H. Pre-judgment and post-judgment interest as permitted by law;

I. An award of reasonable attorneys' fees and costs incurred in this action pursuant to 29 U.S.C. § 216(b), Ohio Rev. Code § 4113.15, and any other applicable authority;

J. Such other and further relief as the Court deems just and proper.

## **JURY DEMAND**

Plaintiff, individually and on behalf of all others similarly situated, by and through his attorneys, hereby demand a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure and the court rules and statutes made and provided with respect to the above entitled cause.

Dated: January 29, 2026

**BARKAN MEIZLISH DEROSE COX, LLP**

By: /s/ Robert E. DeRose

Robert E. DeRose, OH Bar No. 0055214*
Anna R. Doren (OH Bar No. 0104562)*
4200 Regent Street, Ste 210
Columbus, Ohio 43219
Telephone: 614-221-4221

Fax: 614-744-2300
Email: bderose@barkanmeizlishcom
adoren@barkanmeizlishcom

*Local Counsel for Plaintiff*

Nicholas Conlon*
Michael Rinderman*
BROWN, LLC
111 Town Square Place, Suite 400
Jersey City, NJ 07310
T: (877) 561-0000
F: (855) 582-5279
nicholasconlon@jtblawgroup.com
michael.rinderman@jtblawgroup.com

**Seeking Pro Hoc Vice admission*

*Lead Counsel for Plaintiff*